UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NICHOLAS ALLEN BAJURIN, individually, et al., | Case No. 3:14-cv-00014-MMD-WGC |
| Plaintiffs, | ORDER |
| v. | |
| LENNAR RENO, LLC, a Nevada Limited Liability Company, et al., | |
| Defendants. | |

## I.    INTRODUCTION

This case comes before this Court through Defendant Lennar Reno, LLC's ("Lennar") Petition for Removal. (Dkt. no. 1.) Plaintiffs, individually and on behalf of a class of similarly situated homeowners, filed this action in District Court in Washoe County, Nevada, after discovering defects and damages in homes built as part of a housing development known as Curti Ranch. (Dkt. no. 1-1 at 6-8.) Plaintiffs bring claims of breach of contract, breach of express warranties, breach of implied warranties, negligence, negligence per se and breach of implied warranty of habitability against Lennar and doe defendants. (Id. at 12–22.)

Lennar removed this action on the basis of 28 U.S.C. § 1332(a), (d). On February 7, 2014, Plaintiffs filed the instant Motion to Remand to State Court ("Motion to Remand"). (Dkt. no. 10.) Lennar filed an opposition (dkt. no. 16) and Plaintiffs replied (dkt. no. 17).

1    Plaintiffs also filed a Motion to Amend in order to join Nevada corporations and a

2   Nevada LLC as defendants and remove class action allegations. (Dkt. no. 15.)

3   Additionally, Lennar filed:  (1) a Motion for Leave to File Supplemental Briefing regarding

4   the Motion for Remand (dkt. no. 20), which the Court granted (dkt. no. 25); (2) two

5   Motions to Compel Arbitration and Stay Proceedings (dkt. nos. 7 and 23); and (3) a

6   Motion for Hearing on the Motion to Compel Arbitration and Stay Proceedings (dkt. no.

7   22).

8    For the reasons set out below, the Motion to Remand is granted and this action is

9   remanded to state court. Plaintiffs' Motion to Amend (dkt. no. 15), Lennar's Motions to

10   Compel Arbitration (dkt. nos. 7 and 23) and Lennar's Motion for Hearing (dkt. no. 22) are

11   denied as moot.

12   **II.     LEGAL STANDARD**

13    Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction

14   only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2,

15   cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit

16   filed in state court may be removed to federal court if the federal court would have had

17   original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe

18   the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be

19   rejected if there is any doubt as to the right of removal in the first instance." *Gaus v.*

20   *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking

21   removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin*

22   *Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

23    To establish subject matter jurisdiction pursuant to diversity of citizenship under §

24   1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship

25   among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C.

26   § 1332(a). Federal district courts also have original subject matter jurisdiction over class

27   actions under the Class Action Fairness Act ("CAFA") where: (1) a member of the

28   ///

1    plaintiff class is a citizen of a state different from any defendant; and (2) the aggregate

2    amount of the class members' claims exceeds $5,000,000. 28 U.S.C. § 1332(d)(2).

3         With regard to § 1332(a), where it is not facially evident from the complaint that

4    $75,000 was in controversy at the time of removal, a defendant seeking removal must

5    prove, by a preponderance of the evidence, that the amount in controversy requirement

6    is met. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). Similarly, a defendant

7    seeking removal of a class action pursuant to § 1332(d) "must demonstrate, by a

8    preponderance of evidence, that the aggregate amount in controversy exceeds the

9    jurisdictional minimum." *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 981

10   (9th Cir. 2013). Therefore, where a plaintiff does not plead a specific amount in

11   controversy, a removing defendant's burden of proof is a preponderance of the evidence

12   whether removing pursuant to § 1332(a) or § 1332(d). *Id.* at 981-82 (*citing Guglielmino*

13   *v. McKee Foods*, 506 F.3d 696, 701 (9th Cir. 2007).

14        Under a preponderance of the evidence standard, a removing defendant must

15   "provide evidence establishing that it is 'more likely than not' that the amount in

16   controversy exceeds" the jurisdictional minimum. *Valdez*, 372 F.3d at 1117 (citations

17   omitted). As to the kind of evidence that may be considered, the Ninth Circuit has

18   adopted the "practice of considering facts presented in the removal petition as well as

19   any 'summary-judgment-type evidence relevant to the amount in controversy at the time

20   of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.

21   2003) (*quoting Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

22   1997)). Conclusory allegations are insufficient. *Matheson*, 319 F.3d at 1090 (citation

23   omitted).

24   **III.    DISCUSSION**

25        The Complaint does not plead a specific amount in controversy. Plaintiffs seek

26   general and special damages in excess of $10,000 for costs of repair, loss of market

27   value, loss of use, loss of financing, loss of investment and out-of pocket expenses. (Dkt.

28   no. 1-1 at 17.) Plaintiffs also seek attorney's fees and costs, prejudgment and post-

1   judgment interest on all sums awarded, and various statutory damages in an unspecified

2   amount. (*Id.*) By the Court's count, there are over fifty (50) Plaintiffs named in the

3   Complaint, all of whom are alleged to be owners of individual residences at Curti Ranch.

4   (*Id.* at 6-8.) Plaintiffs bring this action individually and on behalf of a class consisting of

5   owners of five-hundred sixty-two (562) different Curti Ranch residences. (*Id.* at 8-9.)

6   Lennar's Petition for Removal states that the amount in controversy satisfies the

7   jurisdictional minimums because, "based upon the numerosity of the plaintiff class and

8   the extent of Plaintiff's alleged damages, Lennar reasonably believes that Plaintiffs'

9   alleged damages, exclusive of interest and costs, exceeds $75,000[1] and will likely

10  exceed [$5,000,000]." (Dkt. no. 1 at 3.) Lennar does not provide any evidentiary basis for

11  its belief that the jurisdictional amounts are satisfied. Lennar only points to the number of

12  named Plaintiffs and class members, and lists the asserted claims as proof that the

13  jurisdictional amounts are satisfied. This is insufficient. *See Valdez*, 372 F.3d at 1117

14  ("[I]nformation and belief hardly constitutes proof by a preponderance of the evidence.")

15  (citation and internal quotations omitted).

16        In Lennar's opposition to the Motion to Remand, it points out that the Complaint

17  seeks to recover damages pursuant to NRS 40.655, which can include attorney's fees,

18  cost of repairs, fees and costs associated with retention of experts and any interest

19  provided by statute. (Dkt. no. 16 at 8.) Lennar thus surmises that "it is highly

20  disingenuous for [Plaintiffs] to represent that this matter does not meet the requirements

21  of 28 U.S.C. § 1332(a)." (*Id.* at 8-9.) Even if the Court were to accept that Plaintiffs will

22  recover all of the statutory damages listed in NRS 40.655, the Court has no basis, either

23  from the facts alleged in the Complaint or the evidence provided by Lennar, to conclude

24  _____

25        [1]The traditional rule is that multiple plaintiffs may not aggregate their separate
      claims to satisfy the $75,000 amount in controversy requirement under § 1332(a). *See*
26    *Urbino v. Orkin Services of Cal., Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013) (citation
      omitted). The parties in this case do not argue that the claims of each individual Plaintiff
27    should be aggregated to satisfy the $75,000 jurisdictional amount and Lennar
      specifically argues that the "amount in controversy will exceed $75,000.00 *per plaintiff . .*
28    *. .*" (Dkt. no. 16 at 3 (emphasis added).)

4

that the amount of damages will be over $75,000 per plaintiff. Lennar only provides an estimate as to the costs of repairs, but its estimate is not supported by any "summary-judgment-type evidence." Lennar states that the cost of repair will fall between $36,000 and $52,000 per home, but provides no evidentiary support for this assertion. (*Id.* at 9.) Lennar merely explains in a footnote that the estimate is based "upon Plaintiffs' claims in a Lennar built subdivision known as Eagle Canyon North" but does not explain why Plaintiffs' claims in what appears to be separate case involving a separate housing development may provide an evidentiary basis for the estimated cost of repair in this case. (*Id.* at 9 n.3.) Lennar does not address the extent to which this case is similar to that involving Eagle Canyon North, the Court has not been provided with a copy of the complaint in the Eagle Canyon North case, and Lennar has failed to provide a declaration to evidence the accuracy of the estimate. Lennar only provides a copy of a letter that Lennar wrote to Plaintiffs' counsel stating that Plaintiffs' counsel requested a per home cost of repair of over $75,000 in a case called *Oexle v. Fairmont Homes*. (*See* dkt. no. 16, Ex. 1.) This letter is not supported by a declaration and contains no information about *Oexle*. Nor would the Court consider Lennar's counsel's statement as to its characterization of the cost of repair to be sufficient evidence of the amount in controversy.

Further, with regard to § 1332(d), Lennar's opposition conclusively and speculatively asserts that "[g]iven the number of class members in this case, there should be no question that the amount in controversy will exceed $5,000,000." (Dkt. no. 16 at 10.) To the extent this assertion is based on the unsupported statement that the cost of repair will range between $36,000 and $52,000 per home, it suffers from the same evidentiary defect discussed above.

It is Lennar's burden to overcome a "strong presumption" against removal jurisdiction. *See Gaus*, 980 F.2d at 567. The Court must be provided with the tools necessary to evaluate whether Lennar has met its burden, and must do so as part of its continual duty to establish its own jurisdiction. *See United Investors Life Ins. Co. v.*

*Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Here, Lennar has had two opportunities to meet its burden but has only provided the Court with conclusory assertions and unsupported speculation. Consequently, the Court does not have the tools necessary to determine that Lennar has established, by a preponderance of the evidence, that the jurisdictional amounts in § 1332(a) and § 1332(d) are met. This action will therefore be remanded to state court.

**IV.   CONCLUSION**

It is hereby ordered that Plaintiffs' Motion to Remand (dkt. no. 10.) is granted. It is ordered that this case be remanded consistent with this opinion.

It is further ordered that Plaintiffs' Motion to Amend (dkt. no. 15), Lennar's Motions to Compel Arbitration (dkt. nos. 7 and 23), and Lennar's Motion for Hearing (dkt. no. 22) are denied as moot.

The Clerk shall close this case.

DATED THIS 6th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE